CALOGERO, Chief Justice,
additionally concurring.
L In T.D. v. M.M.M., 98-0167 (La.3/2/99), 730 So.2d 873, a majority of this court recognized that the alleged biological father has standing to bring an avowal action and found, under the facts of that case, that the doctrine of laches did not bar the alleged biological father from bringing such an action six and one-half years after the birth of the child. Thus, under T.D. v. M.M.M., the right of the alleged biological father to bring an avowal action prior to Act 530 of 2004 was required to be exercised within a reasonable period of time lest the doctrine of laches bar the filing of his action.
I dissented in T.D. v. M.M.M. because I believed the alleged biological father had no standing to bring an avowal action, as no statutory or codal authority then granted him standing to rebut the presumption of paternity set forth in La. Civ.Code art. 184 (now La. Civ.Code art. 185, enacted by Acts 2005, No. 192, eff. June 29, 2005). 98-0167, 730 So.2d at 879, Calogero, C.J., dissenting. In my view, the Civil Code then granted only the child the right to seek dual paternity. Id.
Nonetheless, applying the court’s holding in T.D. v. M.M.M. to the facts of the instant case — and I see no reason not to do so, I find that any right to bring an avowal action W.R.M. may have possessed prior to the enactment of La. Civ.Code art. 191 by Act 530 of 2004 (now La. Civ.Code art. 198, enacted by Acts 2005, No. 192, eff. June 29, 2005), had prescribed, or was barred by the doctrine of laches as employed |gin T.D. v. M.M.M., when he filed his petition in July 2003 nearly nine years after the birth of the child in September 1994. Thus, the trial court correctly maintained the defendants’ exception of prescription. Accordingly, it was unnecessary in my view for the court of appeal to reach the issue of whether the retroactive application of Act 530 of 2004 divested W.R.M. of a substantive property right and deprived him of the due process of law.